UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v.   § | CRIMINAL NO. H-19-884 |
| § | |
| TRANESE NICOLE MITCHELL, § | |
| Defendant § | |

## PLEA AGREEMENT

The United States of America, by and through Jennifer B. Lowery, Acting United States Attorney for the Southern District of Texas, and John R. Braddock, Assistant United States Attorney, and Defendant, Tranese Nicole Mitchell, and Defendant's counsel, pursuant to Rule **11(c)(1)(A)&(B)** of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

**The Defendant's Agreement**

1. Defendant agrees to plead guilty to Counts One, Two, Three and Four of the Indictment. Counts One, Two, Three and Four charge the Defendant with theft of public money, in violation of Title 18, United States Code, § 641. Defendant, by entering this plea, agrees that she is waiving any right to have the facts that the law makes essential to the punishment either charged in the Indictment or proven to a jury or judge beyond a reasonable doubt.

## Punishment Range

2.      The **statutory** maximum penalty for each violation of Title 18, United States Code, § 641, is a term of imprisonment of not more than ten (10) years and a fine of not more than $250,000.00. If there is a pecuniary gain from the offense or if there is a pecuniary loss to someone other than the Defendant from the offense, the Defendant may be fined not more than the greater of twice the gross gain or twice the gross loss. Title 18, United States Code, Section 3571(d). Additionally, Defendant may receive a term of supervised release after imprisonment of up to three (3) years. Title 18, United States Code, §§ 3559(a) and 3583(b). Defendant acknowledges and understands that if she should violate the conditions of any period of supervised release which may be imposed as part of her sentence, then Defendant may be imprisoned for the entire term of supervised release, without credit for time already served on the term of supervised release prior to such violation. Title 18, United States Code, §§ 3559(a) and 3583(e)(3). Defendant understands that she cannot have the imposition or execution of the sentence suspended, nor is she eligible for parole.

## Mandatory Special Assessment

3.      Pursuant to Title 18, United States Code, § 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of

conviction. The payment will be by cashier's check or money order payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

## Immigration Consequences

4.  Defendant recognizes that pleading guilty may have consequences with respect to her immigration status if she is not a citizen of the United States. Defendant understands that if she is not a citizen of the United States, by pleading guilty she may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Defendant's attorney has advised Defendant of the potential immigration consequences resulting from Defendant's plea of guilty.

## Waiver of Appeal

5.  Defendant is aware that Title 28, United States Code, § 1291, and Title 18, United States Code, § 3742, afford a defendant the right to appeal the conviction and sentence imposed. Additionally, Defendant is aware that Title 28, United States Code, § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. Defendant knowingly and voluntarily waives the right to appeal or collaterally attack the conviction and the sentence imposed, or the manner in which the sentence was determined, except that Defendant does not waive the right to raise a claim of ineffective assistance of

counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, Section 2255. In the event the Defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks her conviction or sentence, the United States will assert its rights under this agreement and seek specific performance of these waivers.

6. In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court. Defendant is also aware that any estimate of the possible sentencing range under the Sentencing Guidelines that she may have received from her counsel, the United States, or the Probation Office, is a prediction, not a promise, and such estimate **did not induce her guilty plea** and is binding on neither the United States, the Probation Office, nor the Court. The United States does not make any promise or representation concerning what sentence Defendant will receive. Defendant further understands and agrees that the Sentencing Guidelines are "effectively advisory" to the Court. *United States v. Booker*, 125 S.Ct. 738 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

7. Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United

4

States in this Plea Agreement.

### The United States' Agreements

8. The United States agrees to each of the following:

(a) At the time of sentencing, the United States agrees not to oppose Defendant's anticipated request to the Court and the United States Probation Office that she receive a two (2) level downward adjustment under § 3E1.1(a) of the Sentencing Guidelines provided the Defendant accepts responsibility as contemplated by the Sentencing Guidelines (U.S.S.G.).

(b) If Defendant qualifies for an adjustment under U.S.S.G. § 3E1.1(a) and Defendant's offense level is 16 or greater, the United States may move for an additional one (1) level downward adjustment based on the timeliness of the plea or the expeditious manner in which Defendant provided complete information regarding her role in the offense.

(c) The United States agrees that it will not object to a sentence at the low end of the applicable Sentencing Guideline range.

(d) The United States will not oppose a request by the Defendant for probation.

(e) The United States will dismiss the remaining counts of the Indictment after the Defendant is sentenced on Counts One, Two, Three and Four.

### Agreement Binding - Southern District of Texas Only

9. The United States agrees that it will not further criminally prosecute Defendant in the Southern District of Texas for offenses arising from conduct charged in the Indictment. This Plea Agreement binds only the United States Attorney's Office for the Southern District of Texas and Defendant. It does not bind

any other United States Attorney. The United States will bring this Plea Agreement and the full extent of Defendant's cooperation to the attention of other prosecuting offices if requested.

## United States' Non-Waiver of Appeal

10. The United States reserves the right to carry out its responsibilities under the Sentencing Guidelines. Specifically, the United States reserves the right:

   (a) to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

   (b) to set forth or dispute sentencing factors or facts material to sentencing;

   (c) to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

   (d) to file a pleading relating to these issues, in accordance with U.S.S.G. § 6A1.2 and Title 18, United States Code, § 3553(a).

## Sentence Determination

11. Defendant is aware that the sentence will be imposed after consideration of the Sentencing Guidelines, which are only advisory, as well as the provisions of Title 18, United States Code, § 3553(a). Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines.

Defendant understands and agrees the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court, and that the sentence imposed is within the discretion of the sentencing judge. If the Court should impose any sentence up to the maximum established by statute, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this Plea Agreement.

### Rights at Trial

12. Defendant represents to the Court that she is satisfied that her attorney has rendered effective assistance. Defendant understands that by entering into this Agreement, she surrenders certain rights as provided in this Plea Agreement. Defendant understands that those rights include the following:

   (a) If Defendant persisted in a plea of not guilty to the charges, Defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree.

   (b) At a trial, the United States would be required to present witnesses and other evidence against Defendant. Defendant would have the opportunity to confront those witnesses and her attorney would be allowed to cross-examine them. In turn, Defendant could, but would not be required to, present witnesses and other evidence on her own behalf. If the witnesses for Defendant would not appear voluntarily, she could require their attendance through the subpoena power of the court.

   (c) At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if Defendant desired to do so, she could testify on her own behalf.

7

**Factual Basis for Guilty Plea**

13. Defendant is pleading guilty because she <u>is</u> guilty of the charges contained in Counts One, Two, Three and Four of the Indictment. If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt. The following facts, among others would be offered to establish Defendant's guilt:

Defendant **Tranese Nicole Mitchell** was employed by the United States Postal Service ("USPS") in Houston, Texas, and worked as a Lead Sales & Service Associate clerk at the USPS Park Place Station in 2018 and 2019. Defendant worked as a close out clerk, and collected and counted the other postal clerks' money after the post office's service window closed at 5:00 pm. Defendant would then count the money, put it in with the closing paperwork into registry bags and place it on the USPS trucks to be taken for deposit. Defendant also received the other clerks' Postal Service Form 3533 – Application for Refunds of Fees, Products and Withdrawal of Customer Accounts at the end of the day.

In December 2018, the USPS began an investigation after it was reported that there were excessive refunds at the Park Place Station. This investigation was conducted by USPS Office of Inspector General ("OIG") Special Agent Alicia Bumpas. The investigation analyzed the daily financial records at Park Place Station from May 1, 2018 through January 18, 2019. That analysis revealed that questionable refunds began to appear at Park Place Station in May 2018, and were issued by Clerk # 2. Clerk # 2 was identified as Defendant **Tranese Nicole Mitchell**, who was the Lead Sales & Service Associate clerk. She completed the Park Place Station daily unit closeouts and banking deposits. Refunds were issued after the service windows closed, before all the service windows' receipts were consolidated and closed out. No-fee money orders were issued for the refunds, cashed from Defendant's drawer and then put in the daily deposit on the same day. The investigation revealed that there were no questionable refunds on the days Defendant did not work. Finally, it was determined that there were one hundred twenty-one no-fee money orders issued by Defendant **Mitchell.**

8

On April 9, 2019, Special Agent Bumpas interviewed Defendant **Mitchell** with USPS OIG Special Agent Nora Borlasca. Special Agent Bumpas showed Defendant a spreadsheet with 128 no-fee money orders issued at Park Place Station between February 7, 2018 and January 18, 2019, and 121 had been issued by Defendant **Mitchell** and told her that there were no PS Forms 3533, customer receipts, express labels and/or supporting documentation for her refunds. Defendant **Mitchell** then admitted that she had created fraudulent refunds at Park Place Station and used the money to pay bills.

Among the no-fee USPS money orders Defendant **Mitchell** fraudulently created was one dated July 3, 2018, in the amount of $178.25 from Keisha Scott payable to Keisha Scott (Count One). Defendant endorsed the money order by signing the name Keisha Scott to the back of this money order. Defendant then charged this no-fee money order against her drawer, taking cash in the amount of $178.25 from the money order for her own use and benefit.

Defendant **Mitchell** fraudulently created a no-fee USPS money order dated August 30, 2018, in the amount of $380.00 from Shaunta Williams payable to Shaunta Williams (Count Two). Defendant endorsed the money order by signing the name Shaunta Williams to the back of this money order. Defendant then charged this no-fee money order against her drawer, taking cash in the amount of $380.00 from the money order for her own use and benefit.

Defendant **Mitchell** fraudulently created a no-fee USPS money order dated October 15, 2018, in the amount of $291.00 from Demie Vergas payable to Tiffany Vergas (Count Three). Defendant endorsed the money order by signing the name Demie Vergas to the back of this money order. Defendant then charged this no-fee money order against her drawer, taking cash in the amount of $291.00 from the money order for her own use and benefit.

Defendant **Mitchell** fraudulently created a no-fee money USPS order dated November 5, 2018, in the amount of $287.00 from Sam Trevino payable to Gilberto Trevino (Count Four). Defendant endorsed the money order by signing the name Sam Trevino to the back of this money order. Defendant then charged this no-fee money order against her drawer, taking cash the amount of $287.00 from the money order for her own use and benefit.

As a result of Defendant fraudulently creating and cashing the 121 no-fee money orders, Defendant stole and converted to her use $29,947.30, which was owned by the USPS, an agency and department of the United States. Defendant also embezzled from the USPS $139.65 in postal money order fees for those 121 no-fee money orders.

## Breach of Plea Agreement

14. If Defendant should fail in any way to fulfill completely all of the obligations under this Plea Agreement, the United States will be released from its obligations under the Plea Agreement, and Defendant's plea and sentence will stand. If at any time Defendant retains, conceals or disposes of assets in violation of this Plea Agreement, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this Plea Agreement, and all leads derived therefrom, will be used against Defendant in any prosecution.

## Restitution and Fines

15. This Plea Agreement is being entered into by the United States on the basis of Defendant's express representation that she will make a full and complete disclosure of all assets over which she exercises direct or indirect control, or in which she has any financial interest. Defendant agrees not to dispose of any assets or take any action that would effect a transfer of property in which she has an interest, unless

Defendant obtains the prior written permission of the United States.

16. Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500) within 14 days of signing this Plea Agreement. Defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms permitting the United States to obtain tax information, bank account records, credit histories, and social security information. Defendant agrees to discuss and answer any questions by the United States relating to Defendant's complete financial disclosure.

17. Defendant agrees to take all steps necessary to pass clear title to assets to the United States and to assist fully in the collection of restitution and fines, including, but not limited to, surrendering title, executing a warranty deed, signing a consent decree, stipulating to facts regarding the transfer of title, and signing any other documents necessary to effectuate such transfer. Defendant also agrees to direct any banks which have custody of his assets to deliver all funds and records of such assets to the United States.

18. Defendant understands that restitution and fines are separate components of sentencing and are separate obligations.

### Restitution

19. Defendant agrees to pay full restitution to the victim regardless of the

count of conviction. The United States has alleged that the amount of loss in this case is $30,086.95. Defendant stipulates and agrees that as a result of her criminal conduct, the victim incurred a monetary loss. Defendant understands and agrees that the Court will determine the amount of restitution to fully compensate the victim. Defendant agrees that restitution imposed by the Court will be due and payable immediately and that Defendant will not attempt to avoid or delay payment. Defendant waives the right to challenge in any manner, including by direct appeal or in a collateral proceeding, the restitution order imposed by the Court.

### Fines

20. Defendant understands that under the Sentencing Guidelines the Court is permitted to order Defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release, if any. Defendant agrees that any fine imposed by the Court will be due and payable immediately, and Defendant will not attempt to avoid or delay payment. Defendant waives the right to challenge the fine in any manner, including by direct appeal or in a collateral proceeding.

### Complete Agreement

21. This written Plea Agreement, consisting of 15 pages, including the attached addendum of Defendant and her attorney, constitutes the complete Plea Agreement between the United States, Defendant, and her counsel. No promises or

representations have been made by the United States except as set forth in writing in this Plea Agreement. Defendant acknowledges that no threats have been made against her and that she is pleading guilty freely and voluntarily because she is guilty.

22. Any modification of this Plea Agreement must be in writing and signed by all parties.

Filed at Houston, Texas, on the 13th of December 2021.

                                      **Tranese Nicole Mitchell**
                                      Defendant

Subscribed and sworn to before me on the 13th of December, 2021.

                                      NATHAN OSCHNER, Clerk
                                      UNITED STATES DISTRICT CLERK

                                By: Rhonda S. Hawkins
                                Deputy United States District Clerk

APPROVED:

JENNIFER B. LOWERY
Acting United States Attorney

By: John R. Braddock
John R. Braddock
Assistant United States Attorney
Southern District of Texas
Telephone: 713-567-9728
Facsimile: 713-718-3404

                                      Darryl Austin
                                      Assistant Federal Public Defender
                                      Attorney for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | CRIMINAL NO. H-19-884 |
| § | |
| TRANESE NICOLE MITCHELL, § | |
| Defendant § | |

## PLEA AGREEMENT - ADDENDUM

I have fully explained to Defendant her rights with respect to the pending Indictment. I have reviewed the provisions of the United States Sentencing Commission's <u>Guidelines Manual</u> and <u>Policy Statements</u> and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction. Further, I have carefully reviewed every part of this Plea Agreement with Defendant. To my knowledge, Defendant's decision to enter into this Agreement is an informed and voluntary one.

_____   \_\_\_12/13/21_____
Attorney for Defendant                        Date

I have consulted with my attorney and fully understand all my rights with respect to the Indictment pending against me. My attorney has fully explained and I understand all my rights with respect to the provisions of the United States Sentencing Commission's <u>Guidelines Manual</u> which may apply in my case. I have read and carefully reviewed every part of this Plea Agreement with my attorney. I understand this Agreement and I voluntarily agree to its terms.

_____     _____12.13.2021_____
Defendant                                                  Date